AYOROA *v.* THE ESTATE OF MÉNDEZ ET AL.

APPEAL from the District Court of Aguadilla.

No. 142.—Decided December 6, 1907.

APPEAL — FORECLOSURE OF MORTGAGE — SUMMARY PROCEEDINGS — FINAL JUDGMENT.—An order of a court refusing to direct the sale of property at public auction in a summary proceeding, because demand had not been made upon the debtor in the manner required by law, is not a final judgment nor is it in the nature of a special order so as to be considered an appealable order.

ID.—SPECIAL ORDER.—According to subdivision 3 of section 295 of the Code of
   Civil Procedure, a special order is one impairing a right in deciding a ques-
   tion not in issue in the action or which directs something to be done in con-
   travention of the judgment rendered.

The facts are stated in the opinion.

*Mr. Vázquez* for appellant.

*Mr. Méndez Vaz* for respondent.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the
court.

This is a summary execution proceeding instituted in the
District Court of Aguadilla by Alfredo and Milagros Ayoroa,
brother and sister, as the heirs of Ramón Martínez Vélez,
against the heirs of Ricardo and Juan Ramón Méndez Martí-
nez, for the recovery of a mortgage credit amounting to 5,000
Mexican *pesos,* equivalent to $2,850, with interest at the rate
agreed on of 9 per cent per annum, according to the public
instrument executed on April 30, 1885, by Ricardo Méndez
Martínez in favor of Ramón Martínez Vélez before Juan
Arroyo y Budia, a notary of said town.

The initial petition in the proceedings having been pre-
sented together with a copy of said deed and the other docu-
ments required by article 169 of the Regulations for the execu-
tion of the Mortgage Law, and the judge having refused to
approve the demand for payment requested by the execution
creditors on the ground that the petition did not conform to
the formalities required by the Mortgage Law and Regula-
tions, and for this reason additional documents having been
submitted by the execution creditors together with a liquida-
tion of the credit, with the proper deductions on account of
the change in the money of this Island between the date of
the instrument and the filing of the complaint showing the
amount due as principal and interest from each of the de-
fendant estates, and another certificate issued by the registrar
to the effect that the mortgaged property was recorded in
favor of the debtor, Ricardo Méndez Martínez, and of the
heirs of Juan Ramón Martínez as coowners of an undivided

interest which had been awarded to the deceased, Juan Ramón, valued at 3,500 Mexican *pesos,* equivalent to $2,100, in the total value of the mortgaged property amounting to the sum of 8,500 Mexican *pesos,* as one of the creditors of the estate of the deceased, Ricardo Méndez Martínez, the former owner of such property, the court rendered judgment on the 28th day of this month of January, the adjudging portion of which reads as follows:

"That the estate of Juan Ramón Méndez Martínez, in the person of Juan C. Benítez, and the estate of Ricardo Méndez Martínez, composed of the persons mentioned in the complaint, each be required, as prayed by the plaintiffs, to pay within a term of 30 working days to Alfredo and Milagros Ayoroa the sum mentioned in the liquidation, in accordance with its liabilities as set forth therein, with the admonition that, in the event of their failure so to do, compulsory proceedings will be instituted and the mortgaged property sold. It is further ordered that the plaintiffs file copies of the complaint and documents in the office of the clerk, for delivery to each of the parties upon service of the demand. Lastly, it is directed that an order issue to the marshal for the execution hereof, and to deliver said copies to the debtor and third persons in possession."

The secretary of the court issued the writ containing in full the foregoing judgment as well as a detailed statement of the sum for the payment of which demand was to be served on each of the defendant estates respectively, according to the liquidation presented by the execution creditors, and the deputy marshal of the District Court of Aguadilla proceeded to serve the demand for payment ordered upon the persons of Antonio del Toro and Casildo Iriarte, who were in charge of the mortgaged property as lessees, because personal service on the debtors was impossible as they were not to be found; but the demand served was not for the payment of the sum for which each of the defendant estates was respectively liable, as it should have been as ordered by the court, but for the total amount of the liabilities of both estates, which implied a real violation of the order of the court of January 28. For this

reason, upon counsel for the execution creditors later request-
ing that the mortgaged property should be sold at auction on
account of the expiration of the 30 days granted the defend-
ants for payment without their having done so, the court de-
nied said petition on the grounds set forth in the following
order:

"The demand not having been served in legal form, the court
dismisses the petition of the Ayoroa brother and sister.    Aguadilla,
April 22, 1907.    Arturo Aponte, judge of the district court."

Counsel for the execution creditors took an appeal from
this order and the transcript of the record having been trans-
mitted to this Supreme Court, the appellants and the estate
of Juan Ramón Méndez Martínez, one of the defendant es-
tates, having appeared through their counsel, and the respec-
tive briefs having been filed a day was set for the hearing at
which counsel for the appellants prayed for a preliminary rul-
ing that the estate of Juan Ramón Méndez Martínez was not
entitled to be heard on the appeal as it was not a party at
that stage of the proceedings.    This court, after hearing the
adverse party who opposed the motion, decided this petition,
holding that both parties should be heard without prejudice
to later deciding what it might deem proper on the prelimi-
nary question raised.

But before entering upon a discussion of this question
another should be decided previously, because it affects the
jurisdiction of this court to take cognizance of the appeal.
This consists in a determination of whether the the order of
April 22, refusing to order the sale of the mortgaged prop-
erty on the ground that the demand for payment had not been
served on the debtors in legal form, was appealable or not.

Upon considering this subject we find that, according to
article 176 of the Regulations for the execution of the Mort-
gage Law, the execution creditor could avail himself of the
ordinary remedies provided by the Law of Civil Procedure

against judicial orders made in summary proceedings of this character, if said section of the Regulations did not provide otherwise; but as the section which treats of these matters does not determine anything on this point, and, on the other hand, as the former Law of Civil Procedure has been repealed and substituted by the new Code of Civil Procedure, it *appears evident,* then, that we must have recourse to the new Law of Civil Procedure, deciding whether an appeal did or did not lie from the order or April 22 refusing to order the sale of the mortgaged property.

Now then, section 295 of the new Code of Civil Procedure determines the judgments and other judicial decisions from which an appeal may be taken, and we cannot find the order under consideration among them, not even by analogy; hence we are compelled to hold that such order is not a decision from which an appeal lies.

As a matter of fact, what the order of April 22 provides is that the demand for payment not having been legally served the public sale of the mortgaged property cannot be ordered; and this is not a final judgment because it does not put an end to the summary action or proceedings in question, nor is it a special order made after a final judgment, which is another of the decisions from which an appeal lies mentioned in the third paragraph of article 295 of the Code of Civil Procedure above cited, because, even though it were maintained that the decision or order of the court of January 28, which directed that demand for payment should be served upon the debtors, partook of the nature of a final judgment in the summary proceedings in question, we would always find that the decision of the 22d of the following April is not a special order made after final judgment to which the third paragraph of section 295 of the new Law of Procedure refers, because as this Supreme Court held in its decision of October 30, 1905, rendered in the case of the *Estate of María Díaz* v. *José Avalo Sánchez,* it is necessary for this purpose that the special order impair

a right in deciding a question not at issue in the action nor decided by the final judgment, and this does not occur in this case as the order involved does not impair any right not discussed or decided by the judgment, nor is anything ordered in contravention of the provisions of the latter in any respect; but, on the contrary, the decision is that the demand for payment was not served in legal form, and that on this account the sale of the mortgaged property cannot be ordered. This, far from being opposed to the provisions of the order of January 28, again ratifies and affirms it in denying the sale on account of the demand for payment not having been served in the manner prescribed in said final order—that is to say, by demanding payment of each of the defendant estates of the sum for which each was liable, according to the liquidation presented by the execution creditors—and not in the arbitrary form in which the deputy marshal of the District Court of Aguadilla made the demand.

But more than this, even assuming that the ordinary remedies of the former Law of Civil Procedure against judicial decisions, referred to in articles 375 *et seq.* to article 381, inclusive, of said law, were applicable to this case, the order in question would not be appealable either, because, although according to article 379 of said law, orders of the character of that discussed are appealable, it was indispensable for this purpose to first petition the judge who made it to reconsider or vacate it, and only in the event that the petition to vacate the order were denied could an appeal be taken to the higher court. This has not occurred in this case as the appeal was taken at once without first having recourse to the petition for a reconsideration, as required by the said Law of Procedure.

Therefore, neither under the former nor the modern Law of Civil Procedure is the decision under discussion appealable; and consequently, without entering upon any further considerations, which would be absolutely superfluous after

what we have stated, this Supreme Court holds that it lacks jurisdiction to take cognizance of the appeal taken by the brother and sister, Alfredo and Milagros Ayoroa, and that therefore the appeal should be dismissed, with the costs thereof against the appellants.

*Dismissed.*

Justices Hernández and Figueras concurred.

Justices MacLeary and Wolf concurred in the judgment, but not in all of the grounds upon which the opinion is based.